NOTICE

This slip opinion is subject to formal revision before it is published in an advance sheet of the Ohio Official Reports. Readers are requested to promptly notify the Reporter of Decisions, Supreme Court of Ohio, 65 South Front Street, Columbus, Ohio 43215, of any typographical or other formal errors in the opinion, in order that corrections may be made before the opinion is published.

SLIP OPINION NO. 2015-OHIO-3758

THE STATE EX REL. RESPONSIBLEOHIO ET AL. *v*. OHIO BALLOT BOARD ET AL.

**[Until this opinion appears in the Ohio Official Reports advance sheets, it may be cited as *State ex rel. ResponsibleOhio v. Ohio Ballot Bd.,* Slip Opinion No. 2015-Ohio-3758.]**

*Mandamus—Elections—Proposed constitutional amendment—Ballot language and ballot title challenged as misleading—Writ granted to compel members of Ballot Board to reconvene forthwith and adopt language that properly describes proposed amendment—Writ denied as to ballot title.*

(No. 2015-1411—Submitted September 16, 2015—Decided September 16, 2015.)

IN MANDAMUS.

_____

**Per Curiam.**

{¶ 1} This is an original action for writs of mandamus compelling respondent the Ohio Ballot Board to reconvene forthwith to replace ballot language drafted and approved to accompany State Issue 3 on the November 2015 ballot. We grant a writ with respect to the four specific paragraphs of the ballot

language discussed below. Relators, the signature-gathering organization ResponsibleOhio and others, also seek a writ of mandamus against Ohio Secretary of State Jon Husted, in connection with Issue 3's ballot title, which we deny.

*Discussion*

**{¶ 2}** Issue 3 is a proposed constitutional amendment to Article XV of the Ohio Constitution. The amendment would add a new section 12, which its sponsors have entitled "Legalization, Regulation and Taxation of Medical and Personal Use of Marijuana." The complete text runs in excess of 11 single-spaced pages. Among other things, the amendment legalizes the use of medical marijuana for debilitating medical conditions (Section 12(B)), authorizes licensed persons to home-grow marijuana (Section 12(D)), legalizes the possession and personal use of up to one ounce of marijuana (Section 12(D)), authorizes growth and extraction facilities at ten designated locations in Ohio (Section 12(F)), creates the Ohio Marijuana Control Commission to regulate the industry (Section 12(I)), and provides for taxation of the industry (Section 12(E)).

**{¶ 3}** On August 18, 2015, the Ballot Board, by a three-to-two vote, adopted ballot language for Issue 3. On August 25, 2015, Husted issued the ballot title. Two days later, on August 27, 2015, relators commenced this action for a writ of mandamus.

*Laches*

**{¶ 4}** At the outset, we find that relators acted reasonably promptly to bring this action, and we therefore reject the proposed defense of laches. *State ex rel. Voters First v. Ohio Ballot Bd.*, 133 Ohio St.3d 257, 2012-Ohio-4149, 978 N.E.2d 119, ¶ 16-17.

*Analysis of the proposed ballot language*

**{¶ 5}** This court may not declare the Ballot Board's approved ballot language invalid "unless it is such as to mislead, deceive, or defraud the voters." Article XVI, Section 1, Ohio Constitution; *Voters First* at ¶ 26. Upon review, we

hold that the ballot language for Issue 3 is misleading in only four critical respects.

{¶ 6} First, Section 12(J)(1) of the proposed amendment prohibits marijuana establishments within 1,000 feet of a house of worship, public library, public or chartered elementary or secondary school, state-licensed day-care center, or public playground, subject to a grandfather clause: after a certain date, a new day-care, library, etc., cannot force a preexisting marijuana establishment to relocate by opening a new location within 1,000 feet of the business. According to the ballot language, instead of *prohibiting* marijuana establishments within 1,000 feet of churches, playgrounds, and so forth, the amendment would *permit* them to be within 1,000 feet of such places.

{¶ 7} Second, the ballot language informs voters that the amendment would permit any person age 21 or older to grow and transport over one-half-pound of marijuana plus four flowering marijuana plants. These are not accurate representations of the amendment. Under the amendment, growing up to eight ounces of marijuana plus four flowering marijuana plants is permitted only by persons holding valid state licenses, and even those persons are not permitted to transport the marijuana.

{¶ 8} Third, the ballot language is misleading because it omits two critical facts concerning retail establishments selling marijuana and marijuana-infused products: (1) that such retail establishments must have a state license and (2) that a license may be obtained only if the electors of the precinct where the store will be located approve the use of the location for such purpose at a local option election, which means local residents can veto the operation of such a business in their neighborhood.

{¶ 9} Fourth, the ballot language is misleading because it informs voters that after four years, an additional marijuana growth, cultivation, and extraction

facility may be allowed, but it does not explain that an additional growth facility can open only if existing facilities cannot meet consumer demand.

{¶ 10} Based on the foregoing, relators have established that the Ballot Board's ballot language inaccurately states pertinent information and omits essential information. The cumulative effect of these defects in the ballot language is fatal because the ballot language fails to properly identify the substance of the amendment, a failure that misleads voters.

{¶ 11} We thus grant a writ of mandamus to compel the members of the Ballot Board to reconvene forthwith and adopt language in these four paragraphs that properly describes the proposed constitutional amendment, so that it may appear on the ballot for the November 3, 2015 general election.

*The ballot title*

{¶ 12} A ballot title "shall give a true and impartial statement of the measures in such language that the ballot title shall not be likely to create prejudice for or against the measure." R.C. 3519.21. Husted's ballot title is not "inaccurate, incorrect, or illegal," "confusing, misleading, or argumentative," or persuasive in nature. *Jurcisin v. Cuyahoga Cty. Bd. of Elections*, 35 Ohio St.3d 137, 141-142, 519 N.E.2d 347 (1988). We therefore deny a writ of mandamus as to the title.

{¶ 13} Due to the short time remaining to finalize ballots, the court will entertain no additional motions in this case.

Writ granted in part<br>
and denied in part,<br>
and writ denied.

O'CONNOR, C.J., and PFEIFER, KENNEDY, and FRENCH, JJ., concur.

LANZINGER, J., concurs in judgment only.

O'NEILL, J., concurs in part and dissents in part and would grant the writs as to Secretary Husted and the Ballot Board and direct them to adopt the neutral,

factually correct language as approved by Michael DeWine, the Attorney General of Ohio.

O'DONNELL, J., dissents and would deny the writs.

—————————

Crabbe, Browne & James, L.L.P., Andy Douglas, and Larry H. James; McTigue, McGinnis & Colombo, L.L.C., Donald J. McTigue, Mark A. McGinnis, J. Corey Colombo, and Derek S. Clinger, for relators.

Michael DeWine, Attorney General, and Zachary P. Keller, Jordan S. Berman, and Ryan L. Richardson, Assistant Attorneys General, for respondents.

Taft, Stettinius & Hollister, L.L.P., John B. Nalbandian, and W. Stuart Dornette, urging granting of the writ for amici curiae Frank E. Wood and DGF, L.L.C.

The Law Firm of Curt C. Hartman and Curt C. Hartman, urging granting of the writ for amici curiae Taylor Rath Deutschle, Andrew Goldsmith, Lisa Ann Laufer, and Jeff Ungar.

Chad A. Endsley, Leah F. Curtis, and Amy M. Milam, urging denial of the writ for amicus curiae Ohio Farm Bureau Federation.

—————————